# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:95cr15

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>WILLIAM HENRY POTTS. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's *pro se* Judicial Notice of Adjudicative Facts [Doc. 89] and Leave to Proceed *in Forma Pauperis* [Doc. 90], both filed August 28, 2006. Included within the "Notice" is a document captioned "Writ of Error *Audita Querela* under the All Writs Act." The Court construes these *pro se* pleadings as a motion for a writ of *audita querela* and denies the motion.

## PROCEDURAL HISTORY

The Defendant was indicted in February 1995 for conspiracy to possess with intent to distribute cocaine base. [Doc. 8]. He entered into a plea agreement with the Government in May 1995 pursuant to which he

1

pled guilty to the conspiracy count. [Doc. 19]. He was sentenced to 235 months imprisonment in March 1996. [Doc. 52]. His appeal from that sentence was dismissed by the United States Fourth Circuit Court of Appeals in August 1996. [Doc. 56].

The Defendant moved to vacate, set aside or correct his sentence in April 1997. [Doc. 63]. That motion was denied in September 1997 and the Defendant's appeal from that denial was dismissed by the Fourth Circuit. [Doc. 64; Doc. 66; Doc. 66A]. In June 2005, the Fourth Circuit denied the Defendant's request for leave to file a successive motion pursuant to §2255. [Doc. 88].

The pending motion was filed in August 2006. In March 2008, however, the Defendant received court-appointed counsel to investigate his eligibility for a sentence reduction pursuant to Amendment 706 of the United States Sentencing Guidelines, the so-called crack cocaine amendment. [Doc. 91]. Counsel moved for a sentence reduction and on July 9, 2008, the Defendant's sentence was reduced from 235 months to 189 months imprisonment after application of Amendment 706 of the United States Sentencing Guidelines. [Doc. 92; Doc. 103].

**DISCUSSION**

The Defendant argues that the writ of *audita querela* may be used to attack his criminal judgment which, he acknowledges, was correct when entered. He claims, however, that the judgment has been rendered infirm by the subsequent legal decisions of Apprendi,[1] Blakely,[2] and Booker.[3] Thus, the Defendant claims he was sentenced based on drug quantities not alleged in the indictment or found by a jury beyond a reasonable doubt and the Guidelines as applied to him were mandatory.

The All Writs Act, 28 U.S.C. §1651, "is a residual source of authority [by which a district court may] issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985).

---

[1] In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt.

[2] In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range.

[3] In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts.

> At common law, the writ of *audita querela* permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of the judgment. *Audita querela* has been expressly abolished in civil cases by the Rules of Civil Procedure. See, Fed.R.Civ.P. 60(b). The writ, or a modern equivalent, at least potentially survives in the federal criminal context, however, under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) and the All Writs Act.

United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001).

The writ of *audita querela,* however, is not available to a federal prisoner where postconviction relief is cognizable pursuant to 28 U.S.C. §2255. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* In re Rushing-Floyd, 62 Fed.Appx. 64, 64-65 (4th Cir. 2003). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that before a second or successive motion pursuant to §2255 may be filed, the petitioner must first obtain an order from the court of appeals authorizing the district court to entertain it. Holt, 417 F.3d at 1175. The Defendant here has previously filed a motion pursuant to §2255 and the AEDPA provides a mechanism by which he may pursue another such motion. The Defendant may not avoid AEDPA's requirements for filing a second or successive §2255 motion by filing a petition for a writ of *audita querela*. United States v. Sanchez, 2009 WL 389365 (3rd Cir. 2009); Carrington v. United States,

4

503 F.3d 888, 890 (9th Cir. 2007), *opinion amended on denial of rehearing* 530 F.3d 1183 (9th Cir. 2008); Valdez-Pacheco, 237 F.3d at 1079; Collins v. United States, 2009 WL 792048 (N.D.N.Y. 2009); Shelton v. United States, 201 Fed.Appx. 123, 124 (3rd Cir. 2006) ("In particular, the writ [of *audita querela*] cannot be invoked in order to enable a defendant to file a §2255 claim, but avoid complying with the rules that govern such motions."). "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by common law writs." Valdez-Pacheco, 237 F.3d at 1080; In re Watkins, 223 Fed.Appx. 265 (4th Cir. 2007).

Moreover, even if the Defendant could file a petition for a writ of *audita querela*, he would not be entitled to relief because Apprendi, Blakely and Booker do not apply retroactively to cases on collateral review. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), *certiorari denied* 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002) (Apprendi does not apply retroactively); United States v. Price, 400 F.3d 844 (10th Cir. 2005), *certiorari denied sub nom* Price v. United States, 546 U.S. 1030, 126 S.Ct. 731, 163 L.Ed.2d 568 (2005) (Blakely does not apply retroactively to

convictions, like the Petitioner's, that were final at the time that case was decided.); *accord*, Varela v. United States, 400 F.3d 864 (11th Cir. 2005), *certiorari denied* 546 U.S. 924, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005); United States v. Fowler, 133 Fed.Appx. 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); Sanchez, 2009 WL 389365 (regarding Booker); *accord*, United States v. Richter, 510 F.3d 103, 104 (2nd Cir. 2007); Carrington v. United States, 503 F.3d at 890 ("Booker does not apply to cases on collateral review [and the petitioner is] not entitled to relief ... however it is labeled."); Valdez-Pacheco, 237 F.3d 1080; In re Watkins, 223 Fed. Appx. 265; United States v. Morris, 429 F.3d 65 (4th Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.)**;** McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005), *certiorari denied* 545 U.S. 1110, 125 S.Ct. 2559, 162 L.Ed.2d 285 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Judicial Notice of Adjudicative Facts [Doc. 89], construed as a *pro se* motion for a writ of *audita querela*, and Leave to Proceed *in Forma Pauperis* [Doc. 90] are hereby **DENIED**.

Signed: June 15, 2009

Martin Reidinger
United States District Judge